# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 16, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LAURA OLIVER *and* EDDIE | * | UNPUBLISHED |
| OLIVER, JR., *as Parents and Legal* | * | |
| *Representatives of* E.O., III, | * | |
| | * | No. 10-394V |
| Petitioners, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioners.
Lara A. Englund, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 25, 2010, Laura Oliver and Eddie Oliver, Jr., on behalf of their minor child E.O., III, ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioners alleged that E.O. developed a fever and febrile seizures, that he continued to experience seizures, and that he ultimately developed a chronic complex partial seizure disorder as a result of receiving the

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Hepatitis B ("Hep B"), Inactivated Poliovirus ("IPV"), Pneumococcal conjugate ("PCV"), and Rotavirus vaccines on April 9, 2009. Petition at ¶¶ 5-6. On February 1, 2017, the undersigned issued her Decision denying compensation. Oliver v. Sec'y of Health & Human Servs., No. 10-394V, 2017 WL 747846 (Fed. Cl. Spec. Mstr. Feb. 1, 2017). Petitioners filed a motion for review on March 3, 2017, and on July 7, 2017, the Court of Federal Claims affirmed the undersigned's decision. See Oliver v. Sec'y of Health & Human Servs., 133 Fed. Cl. 341 (Fed. Cl. 2017). The Federal Circuit affirmed on August 17, 2018. See Oliver v. Sec'y of Health & Human Servs., 900 F.3d 1357 (Fed. Cir. 2018).

On December 17, 2018, petitioners filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 139). Petitioners request compensation in the amount of $185,465.43, representing $137,904.10 in attorneys' fees and $47,561.33 in costs. Fees App. at 1. In compliance with General Order No. 9, petitioners' represent that they have personally incurred costs in the amount of $1,273.53 in pursuit of this litigation. Id. Respondent filed his response on December 21, 2018 indicating that he would defer to the undersigned's discretion as to whether the statutory requirements for an award of attorneys' fees and costs had been met in this case. Response, ECF No. 140, at 2. Petitioners did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $159,148.54.

**I. Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioners were denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

**a. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the

name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

For attorney Clifford J. Shoemaker, petitioners request an hourly rate of $336.00 for work performed in 2010 and 2011, $348.00 for work performed in 2012, $385.00 for work performed in 2013, $400.00 for work performed in 2014, $415.00 for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, and $450.00 for work performed in 2018. For attorney Renee Gentry, petitioners request $348.00 for work performed in 2012, $361.00 for work performed in 2013, $375.00 for work performed in 2014, $415 for work performed in 2016, $424.00 for work performed in 2017, and $435.00 for work performed in 2018. For attorney Sabrina S. Knickelbein, petitioners request $205.00 for work performed in 2010, $215.00 for work performed in 2011, $225.00 for work performed in 2012, $235.00 for work performed in 2013, $245.00 for work performed in 2014, $350.00 for work performed in 2015, $365.00 for work performed in 2016, $378.00 for work performed in 2017, and $391.00 for work performed in 2018. Because the attorneys practice in Vienna, Virginia, forum rates apply.

The undersigned finds the requested rates reasonable and in conformance with what Shoemaker and Associates attorneys have previously been awarded in the vaccine Program. However, it appears that Ms. Gentry erroneously billed one entry for 3.0 hours of work in 2018 at $439.00 per hour instead of $435.00 per hour. Correction of this error results in a reduction of **$12.00**.

### ii. Reasonable Hours Expended

3

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate. For reasons explored more thoroughly below, the undersigned reduces the requested fees by 20%, resulting in a further deduction of $27,578.42. [3]

### 1. Vague Billing Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. See Barry v. Sec'y of Health & Human Servs., No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has expressed dissatisfaction in the past with the vagueness of Mr. Shoemaker's billing entries. See Prokopeas v. Sec'y of Health & Human Servs., No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017). This application raises the same concerns. Mr. Shoemaker's billing records frequently display entries such as "Email from DOJ," "Emails to and from Sabrina" while entries for longer periods of time reflect vagueness that borders on block billing (i.e., 3.4 hours billed on "Work on report with Dr. Shafrir" and multiple entries in excess of 4.0 hours for "Prepare for oral arguments"). See Fees App. at 14, 23. Left with such vague descriptions, the undersigned cannot effectively evaluate the reasonableness of the time spent or how the work was relevant to the case. The undersigned thus reduces petitioners' fee award for vague billing entries.

### 2. Excessive Interoffice Communication

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). This issue has arisen in other cases handled by Mr. Shoemaker and his associates. See Parker v. Sec'y of Health & Human Servs., No. 02-1553, 2018 U.S. Claims LEXIS 833 (Fed. Cl. Spec. Mstr. June 18, 2018). Here, three attorneys from Mr. Shoemaker's firm worked on the case, resulting in a number of entries with descriptions such as "Emails to and from Sabrina" or "emails to Renee" or "E-mails to and from Cliff." See generally Fees App. 9-48. The majority of entries such as these do not contain any information as to what the interoffice communication was about, which does not allow the undersigned to determine the reasonableness of that communication. As it has in the past, this will lead to a reduction in petitioners' fee award.

---

[3] The reduction is calculated as follows: ($137,904.10 - $12.00) * 0.2 = $27,578.42

### 3. Administrative/Paralegal Work

It is well established that attorneys who bill for paralegal-level work must appropriately reduce their fee. Mostovoy, 2016 WL 720969, at *5. Moreover, the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); Mostovoy, 2016 WL 720969, at *12.

Many of Ms. Knickelbein's tasks fit into these categories. Although she is an attorney, Ms. Knickelbein devoted nearly all of her time in this matter to administrative or paralegal work. Pet. App. at 29-47; see also Prokopeas, 2017 U.S. Claims LEXIS 1771, at *13 (noting that Ms. Knickelbein billed for "a plethora of administrative tasks"); Hooker v. Sec'y of Health & Human Servs., No. 02-472, 2017 U.S. Claims LEXIS 845, at *58-59 (Fed. Cl. Spec. Mstr. April 11, 2017). This discrepancy also supports the reduction in attorneys' fees.

### b. Attorneys' Costs

Petitioner requests a total of $47,561.33 in attorneys' costs. The majority of this amount ($43,975.00) is for the expert work of Dr. Yuval Shafrir, who prepared several expert reports during the course of this litigation. In sum, Dr. Shafrir billed a total of 128.5 hours at a rate of $350.00 per hour. Fees App at 53-55. The rate requested for Dr. Shafrir's work has previously been found to be reasonable by other special masters, and the undersigned will not depart from that determination in the instant case. See Cunningham v. Sec'y of Health & Human Servs., No. 13-483V, 2017 WL 4323145, at *5 (Fed. Cl. Spec. Mstr. Sep. 1, 2017); Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2016 WL 4491499, at *6 (Fed. Cl. Spec. MStr. Jul. 27, 2016). The undersigned also finds the amount of hours reasonable given the length and complexity of the case and the number of reports prepared by Dr. Shafrir. Accordingly, this cost shall be reimbursed in full.

The remaining costs sought are for acquiring medical records, court filing fees, and acquiring transcripts for proceedings. These costs are all typical of Vaccine Program litigation and petitioners have provided adequate documentation for all of the requested costs. Accordingly, the undersigned shall reimburse these costs. Petitioners are thus entitled to the full amount of costs sought.

### c. Petitioners' Costs

Pursuant to General Order No. 9, petitioners warrant that they have personally incurred costs in the amount of $1,273.53 in pursuit of this litigation. Fees App. at 2. This amount consists of the Court's filing fee, postage, and a $1,000.00 retainer paid to Dr. Shafrir. Petitioners have provided adequate documentation for all these costs, and the undersigned has already determined that the costs associated with Dr. Shafrir's work are reasonable. Petitioners are therefore entitled to a full reimbursement of costs incurred.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $137,904.10 |
| (Total Reduction from Rates Adjustment) | - ($12.00) |
| (Total Reduction from Billing Hours) | - ($27,578.42) |
| **Total Attorneys' Fees Awarded** | **$110,313.68** |
| | |
| Attorneys' Costs Requested | $47,561.33 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$47,561.33** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$157,875.01** |
| | |
| **Total Petitioners' Costs Awarded** | **$1,273.53** |
| | |
| **Total Amount Awarded** | **$159,148.54** |

**Accordingly, the undersigned awards the following:**

1) **$157,875.01 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Clifford Shoemaker; and**

2) **$1,273.53 in petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

Chief Special Master